UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X

| | |
|---|---|
| UNIVERSITY SPINE CENTER, on assignments John T. | Civil Action No.: 2:17-cv-08041(JLL)(CLW) |
| Plaintiff, | |
| -against- | **ANSWER** |
| OXFORD HEALTH INSURANCE INC., | DOCUMENT ELECTRONICALLY FILED |
| Defendant. | |

--------------------------------------------------------X

Defendant Oxford Health Insurance Inc. ("Oxford"), by and through its attorneys, Robinson and Cole LLP, as and for its Answer to Plaintiff's Complaint dated August 21, 2017, respectfully sets forth the following upon information and belief:

## THE PARTIES

FIRST:      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "1" of Plaintiff's Complaint, and respectfully refers all questions of law to the Honorable Court.

SECOND:    Denies each and every allegation in paragraph "2" of Plaintiffs' Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that the Defendant was at all times material hereto duly licensed to conduct business in the State of New Jersey.

## ANATOMY OF CLAIM

THIRD:     Denies each and every allegation in paragraph "3" of Plaintiffs' Complaint.

FOURTH:    Denies each and every allegation in paragraph "4" of Plaintiff's Complaint as alleged, respectfully refers to the administrative record pertaining to the claims at issue in this case for the contents thereof as to the facts and circumstances recorded therein, including the governing

84802177v1

plan documents for the terms, conditions, limitations, and exclusions set forth therein, and respectfully refers all questions of law to the Honorable Court.

FIFTH:        Denies each and every allegation in paragraph "5" of Plaintiff's Complaint as alleged, respectfully refers to the administrative record pertaining to the claims at issue in this case for the contents thereof as to the facts and circumstances recorded therein.

SIXTH:        Denies each and every allegation in paragraph "6" of Plaintiff's Complaint as alleged, respectfully refers to the administrative record pertaining to the claims at issue in this case for the contents thereof as to the facts and circumstances recorded therein.

SEVENTH:    Denies each and every allegation in paragraph "7" of Plaintiff's Complaint as alleged, respectfully refers to the governing plan documents for the terms, conditions, limitations, and exclusions set forth therein and respectfully refers all questions of law to the Honorable Court.

EIGHTH:      Denies each and every allegation in paragraph "8" of Plaintiff's Complaint as alleged, respectfully refers to the governing plan documents for the terms, conditions, limitations, and exclusions set forth therein and respectfully refers all questions of law to the Honorable Court.

NINTH:        Denies each and every allegation in paragraph "9" of Plaintiff's Complaint as alleged, respectfully refers to the governing plan documents for the terms, conditions, limitations, and exclusions set forth therein and respectfully refers all questions of law to the Honorable Court.

TENTH:        Denies each and every allegation in paragraph "10" of Plaintiff's Complaint as alleged, respectfully refers to the administrative record pertaining to the claims at issue in this case for the contents thereof as to the facts and circumstances recorded therein, including the governing plan documents for the terms, conditions, limitations, and exclusions set forth therein, and respectfully refers all questions of law to the Honorable Court.

ELEVENTH: Denies each and every allegation in paragraph "11" of Plaintiff's Complaint as alleged, respectfully refers to the administrative record pertaining to the claims at issue in this case

for the contents thereof as to the facts and circumstances recorded therein, including the governing plan documents for the terms, conditions, limitations, and exclusions set forth therein, and respectfully refers all questions of law to the Honorable Court.

TWELFTH:   Denies each and every allegation in paragraph "12" of Plaintiff's Complaint as alleged, respectfully refers to the administrative record pertaining to the claims at issue in this case for the contents thereof as to the facts and circumstances recorded therein, including the governing plan documents for the terms, conditions, limitations, and exclusions set forth therein, and respectfully refers all questions of law to the Honorable Court.

THIRTEENTH:        Admits.

FOURTEENTH:        Denies each and every allegation in paragraph "14" of Plaintiff's Complaint.

FIFTEENTH: Denies each and every allegation in paragraph "15" of Plaintiff's Complaint.

## AS AND FOR A RESPONSE TO PLAINTIFF'S COUNT ONE
## ALLEGING BREACH OF CONTRACT

SIXTEENTH: In response to paragraph "16" of the Plaintiff's Complaint, Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "15" inclusive, with the same force and effect as if more fully set forth at length herein.

SEVENTEENTH:    Denies each and every allegation in paragraph "17" of Plaintiff's Complaint as alleged and respectfully refers to the governing plan documents for the terms, conditions, limitations, and exclusions set forth therein.

EIGHTEENTH:        Denies each and every allegation in paragraph "18" of Plaintiff's Complaint, respectfully refers to the governing plan documents for the terms, conditions, limitations, and exclusions set forth therein and respectfully refers all questions of law to the Honorable Court.

NINETEENTH:      Denies each and every allegation in paragraph "19" of Plaintiff's Complaint as alleged, and respectfully refers to the administrative record pertaining to the claims at issue in this case for the contents thereof as to the facts and circumstances recorded therein.

TWENTIETH:      Denies each and every allegation in paragraph "20" of Plaintiff's Complaint.

TWENTY-FIRST:      Denies each and every allegation in paragraph "21" of Plaintiff's Complaint.

**AS AND FOR A RESPONSE TO PLAINTIFF'S COUNT TWO
ALLEGING FAILURE TO MAKE ALL PAYMENTS PURSUANT
TO MEMBER'S PLAN UNDER 29 U.S.C §1132(a)(1)(B)**

TWENTY-SECOND: In response to paragraph "22" of the Plaintiff's Complaint, Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "21" inclusive, with the same force and effect as if more fully set forth at length herein.

TWENTY-THIRD:   Denies each and every allegation in paragraph "23" of Plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court.

TWENTY-FOURTH: This paragraph sets forth conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies paragraph "24" as alleged and respectfully refers all questions of law to the Honorable Court.

TWENTY-FIFTH:      Denies each and every allegation in paragraph "25" of Plaintiff's Complaint, respectfully refers to the governing plan documents for the terms, conditions, limitations, and exclusions set forth therein and respectfully refers all questions of law to the Honorable Court.

TWENTY-SIXTH:      Denies each and every allegation in paragraph "26" of Plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except

admits that Defendant acted as a fiduciary only when and to the extent that it made discretionary decisions while administering claims under the Plan.

TWENTY-SEVENTH:   Denies each and every allegation in paragraph "27" of Plaintiff's Complaint.

TWENTY-EIGHTH: Denies each and every allegation in paragraph "28" of Plaintiff's Complaint.

TWENTY-NINTH:   Denies each and every allegation in paragraph "29" of Plaintiff's Complaint.

THIRTIETH: Denies each and every allegation in paragraph "30" of Plaintiff's Complaint.

## AS AND FOR A RESPONSE TO PLAINTIFF'S COUNT THREE ALLEGING BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. §1132(A)(3), 29 U.S.C. §1104(A)(1) AND 29 U.S.C. §1105(A)

THIRTY-FIRST:   In response to paragraph "31" of the Plaintiff's Complaint, Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "30" inclusive, with the same force and effect as if more fully set forth at length herein.

THIRTY-SECOND:  This paragraph sets forth conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies paragraph "32" as alleged and respectfully refers all questions of law to the Honorable Court.

THIRTY-THIRD:   Denies each and every allegation in paragraph "33" of Plaintiff's Complaint.

THIRTY-FOURTH:  This paragraph sets forth conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies paragraph "34" as alleged and respectfully refers all questions of law to the Honorable Court.

THIRTY-FIFTH:        This paragraph sets forth conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies paragraph "35" as alleged and respectfully refers all questions of law to the Honorable Court.

THIRTY-SIXTH:        This paragraph sets forth conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies paragraph "36" as alleged and respectfully refers all questions of law to the Honorable Court.

THIRTY-SEVENTH: This paragraph sets forth conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies paragraph "37" as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Plaintiff properly quoted portions of 29 U.S.C §1105(a).

THIRTY-EIGHTH:   Denies each and every allegation in paragraph "38" of Plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that the Defendant (1) acted as fiduciary only when and to the extent that it made discretionary decisions while administering claims under the Plan at issue; and (2) acted within its discretionary authority when issuing its claim determinations under the Plan at issue in this matter.

THIRTY-NINTH:        Denies each and every allegation in paragraph "39" of Plaintiff's Complaint, including subparts (1) — (4), and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FORTIETH:        To the extent Plaintiff received benefits for covered services, benefits were properly paid pursuant to the unambiguous terms of the governing ERISA Plan and no further benefits are payable for such claims.

<u>**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**</u>

FORTY-FIRST:       This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against the Defendant.

<u>**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**</u>

FORTY-SECOND:     Plaintiff's claims must be dismissed to the extent they are preempted by ERISA.

<u>**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**</u>

FORTY-THIRD:      Plaintiff's claims fall outside of, or are otherwise defeated by the terms, conditions, limitations and exclusions of the governing ERISA Plan.

<u>**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**</u>

FORTY-FOURTH:    The claims for which Plaintiff seeks recovery are not payable under the terms of the Plan.

<u>**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**</u>

FORTY-FIFTH:      Defendant acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, Plaintiff is barred from recovery for his claims in this action and the purported claims asserted therein.

<u>**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**</u>

FORTY-SIXTH:      Defendant, as a claim fiduciary for the Plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe any and all disputed or doubtful terms of the policy; and Defendant is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously.   Defendant's

decision-making was not arbitrary or capricious and therefore, the Court cannot disturb its determination concerning Plaintiff's claims.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH:  All actions about which Plaintiff complains were either required or permitted by applicable law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH:    Plaintiff's claim for attorney's fees under ERISA is unwarranted and premature.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FORTY-NINTH:     The Court's review of Plaintiff's claims against Defendant is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by the Defendant in the regular course of its business.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

FIFTIETH:    Plaintiff's recovery against the Defendant, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the respective Plan documents.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

FIFTY-FIRST: To the extent necessary, Defendant denies all allegations appearing as topic headings or subheadings, and included in the "Wherefore" clauses, in Plaintiff's Complaint.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FIFTY-SECOND:     Plaintiff's Complaint fails to allege the circumstances relating to the claims asserted therein with sufficient particularity to enable Defendant to determine whether it may

have additional defenses in this action. Therefore, Defendant reserves the right to assert such additional defenses if they later become apparent.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

FIFTY-THIRD:    Plaintiff's cause of action for breach fiduciary under 29 U.S.C. §1132(a)(3); ERISA §502(a)(3), concerning purported violations of 29 U.S.C. §1104(a)(1) and 29 U.S.C. §1105(a), fails to state a claim upon which relief can be granted because the relief sought is not distinct from, and is merely duplicative of, his claim under ERISA §502(a)(1)(B).

**WHEREFORE**, Defendant prays that:

1. The action be dismissed, or that judgment be entered in favor of Defendant against Plaintiff;

2. Defendant be awarded costs of suit incurred herein;

3. Defendant be awarded reasonable attorney's fees and

4. Defendant be awarded such other and further relief as the Court may deem just and proper.

Dated: November 15, 2017
New York, New York

Respectfully submitted,

/s/Matthew P. Mazzola
MICHAEL H. BERNSTEIN
MATTHEW P. MAZZOLA
Chrysler East Building
666 Third Avenue, 20th floor
New York, NY 10017
Main (212) 451-2900
Fax (212) 451-2999
mbernstein@rc.com
Direct (212) 451-2940
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew P. Mazzola, pursuant to 28 U.S.C. § 1746, hereby certify under penalty of perjury that a true and correct copy of the **DEFENDANT'S ANSWER** was served via ECF on this 15th day of November, 2017, upon the following:

Daniel C. Nowak
Callagy Law, P.C.
650 From Road, Suite 565
Paramus, NJ 07652
201-261-1700

_/s/ Matthew P. Mazzola_
Matthew P. Mazzola

84802177v1                                        10